## Gearn v. Pennsylvania Casualty Company.

*J. Andrew Frantz,* for plaintiff; *Bernard J. Myers,* for defendant.

LANDIS, P. J., Oct. 1, 1927.—The plaintiff has brought this suit to recover the sum of $637.50. The claim is based upon an insurance policy issued to one Eleanor H. T. Sander, a teacher, dated Feb. 27, 1925. The policy was for $1000 and covered loss of life and also limbs, sight or time by accidental means or loss of time by sickness. The insured stipulated in her application that, in the event of death, benefits should be paid to "Margaret," her sister. This sister seems to be the plaintiff, Margaret S. Gearn, though this fact is not exactly clear. The policy provided for an indemnity for "weekly illness" of "twenty-five dollars," and this suit is not for the principal sum due in case of death, but it is averred in the statement that the insured became incapacitated by sickness on July 1, 1926, and was continually confined within her home until Jan. 17, 1927, when she died, and that it is for the weekly sums claimed to be due and not paid in her lifetime.

Section 5, part *A*, of the policy states that "if the insured shall be continuously confined within the house and regularly visited therein, at least once each week, by a licensed and registered physician and be wholly prevented from transacting any and every kind of business by sickness, the company will pay for such confinement after the first seven days, and not exceeding twenty-six consecutive weeks, including the first week, illness indemnity at the rate per week specified above;" and section 11 of the "standard provisions" states that "indemnity for loss of life of the insured is payable to the beneficiary if surviving the insured, and otherwise to the estate of the insured. All other indemnities of this policy are payable to the insured."

This action was not brought by the administrator of Eleanor H. T. Sander, and whether he made the proper notices and proofs is not now important. It is brought by Margaret S. Gearn. If, however, she is the insured's sister, the defect in not so averring can be cured by amendment. The difficulty, as I understand the case, is, however, more vital than this and goes to the heart of the action.

Margaret S. Gearn brings this suit as beneficiary. The amount claimed is for weekly benefits which accrued during the life of Eleanor H. T. Sander from continued sickness from July 1, 1926, to Jan. 17, 1927. If, then, as is stipulated in section 11 of the standard provisions of the policy, the indemnity for loss of life only is to go to the beneficiary if surviving, and "all other indemnities . . . are payable to the insured," it is clear that the plaintiff cannot recover for weekly payments which became due during the life of the insured to the insured. Such sums are recoverable by the administrator of the insured if they are payable to any one.

Conceding, then, that certain weekly payments are due and payable, it must be decided that the plaintiff is not entitled to them. The point of law is, therefore, decided in favor of the defendant, and judgment is now entered in favor of the defendant.

From George Ross Eshleman, Lancaster, Pa.